CuRia, per
Nott, J.
It is a general rule in equity where a bill is brought for relief that all parties materially interested in the subject of the suit, however numerous,ed 1 • t , ought either in the shape of plaintiffs or defendants to be made parties, in order to prevent a multiplicity of suits. 2 Madd. Cha. Rep. 179, 80. It is otherwise where a discovery only is sought. There it is sufficient to make those parties from whom the discovery is wanted. In this case John Smyth is the principal debtor and was therefore an indispensable party to the bill. 2 Madd. Cha. Rep. 192. 2 Ves. 95. One of the exceptions to the rule is where some of the obligors to the bond are sureties. There it does not lie in the mouth of the principal, who has nothing to demand over, to say that the surety ought to be made a party. Cochburn v. Thompson, 16 Ves. 326. The ground on which the Chancellor sustained the demurrer in this is, that the complainant might have maintained an action at law against the principal. That is true — and if the bill had been against John Smyth alone the demurrer would have probably been properly sustained. But where a person is obliged to go into Equity for relief against one several debtors he must makeall parties, though he might i . , ° . have sued one at law. Thus where a bill is filed against legatees or distributees of an estate for an account, the executors or administrators must be made parties, because *304 they may have paid the debt or have funds to pay with. Yet they might have been sued at law. • So where a bill is brought against the representatives of a deceased joint obligor the surviving obligor must be made a party though he might have been sued at law. And it is not unusual, where there are several parties to a bill, that one or more of the parties might have been sued at law, if the complainant would have been satisfied with a judgment against those only. Indeed it is frequently a good ground of equity that you bring together in one suit several parties who could not be joined at law. The decree, therefore, so far as it relates to thé defendant, John Smyth, must be reversed, and the defendants must answer over.
Decree reversed.